NOT DESIGNATED FOR PUBLICATION

Nos. 128,182
128,183
128,184

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

COREY KEITH BORN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; ANDREA SWISHER, judge. Opinion filed August 22, 2025. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 21-6820(g) and (h).

Before HILL, P.J., MALONE and HURST, JJ.

PER CURIAM: Corey Keith Born appeals the district court's revocation of his probation and imposition of his underlying sentences. Born filed a motion for summary disposition in lieu of briefing under Kansas Supreme Court Rule 7.041A (2025 Kan. S. Ct. R. at 48). The State did not respond, and this court granted the motion. Finding no error in the district court's decision, it is affirmed.

1

Born faced charges in three criminal cases. Two of his cases, 23-CR-449 and 23-CR-300068, were resolved through a global plea agreement. Born pled no contest to one count of possession of methamphetamine, a severity level 5 drug felony, in 23-CR-449. In 23-CR-300068, Born pled no contest to two counts of battery against a law enforcement officer and one count of assault of a law enforcement officer, both class A person misdemeanors. While Born awaited sentencing in these two cases, he also pled no contest to one count of felony aggravated assault of a law enforcement officer, in 24-CR-44. All three cases were consolidated for purpose of this appeal.

The district court sentenced Born in all three cases in March 2024. In 23-CR-449, the district court found that Born's criminal score was "B," and, therefore, he faced a presumptive sentence of 32 to 36 months in prison. However, the district court granted Born's motion for dispositional departure and sentenced him to 12 months of probation with an underlying prison sentence of 34 months. In 23-CR-300068, the district court imposed suspended 12-month jail terms and 12 months of probation. In 24-CR-44, the district court found that Born's criminal history score was "C," and thus he faced a presumptive sentence of 34 to 38 months in prison. Yet, again, the district court granted Born's motion for dispositional departure and sentenced Born to 24 months of probation with an underlying prison sentence of 36 months. The district court ordered the felony sentences to be served consecutively and the misdemeanor sentences to run concurrent with the felony sentences.

Two months after sentencing, the State moved to revoke Born's probation in all three cases. The State alleged that Born failed to submit to drug testing, obtain a substance abuse evaluation and follow all recommendations, and avoid injurious or vicious habits as directed by the court or community corrections. The State later amended

its motion to allege an additional violation—failure to refrain from possessing or consuming alcohol or any other mood-altering chemical.

The court held a probation violation hearing in August 2024 at which the State presented testimony from Born's probation officer. Following the hearing, the district court found that Born violated the terms of his probation as alleged in the State's motion to revoke. The district court revoked Born's probation and ordered him to serve the underlying sentences in each case.

Born timely appealed.

ANALYSIS

Born argues that the district court abused its discretion by revoking his probation. Generally, a district court must impose intermediate sanctions before revoking a defendant's probation in a felony case. See K.S.A. 22-3716(c)(1). However, a district court may bypass intermediate sanctions under certain statutory exceptions, including when probation was originally granted as the result of a dispositional departure, which is the case for Born's probation in his two felony cases. K.S.A. 22-3716(c)(7)(B). In a misdemeanor case, the district court is statutorily authorized to revoke probation without first imposing intermediate sanctions once a probation violation is established. K.S.A. 22-3716(b)(3)(B).

If the State establishes that the defendant violated their probation, "the district court's decision to revoke the offender's probation and impose the original sentence is discretionary unless otherwise limited by statute." *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). This court reviews the district court's decision to revoke probation and impose the underlying sentence for an abuse of discretion. 315 Kan. at 328.  A district court abuses its discretion when its decision is: (1) based on an error of fact; (2)

3

based on an error of law; or (3) is arbitrary, fanciful, or unreasonable. Born has the burden of establishing that the district court abused its discretion. 315 Kan. at 328.

At the probation hearing, the State presented evidence that Born violated the terms of his probation by, among other things, using illegal drugs and not taking his medications as prescribed. Born's probation officer testified that Born had an addiction problem and mental health issues. Born admitted that he had failed at complying with the terms of probation. Although Born testified that he intended to turn over a new leaf and comply with probation terms in the future—at the time of the hearing he was presently incarcerated and refusing to take his medication as prescribed.

At the conclusion of the hearing, the district court found that Born had violated the terms of his probation in multiple ways. The district court pointed out the numerous different unsuccessful substance abuse treatment programs that Born had failed or refused in the five short months of his probation. The court explained, "you have had more opportunities at treatment than most people have their entire duration of probation and you've only been on for five months." The court then stated that Born failed to take advantage of the treatment options available and revoked Born's probation.

On appeal, Born does not contest the evidence supporting the district court's finding that he violated the terms of probation. Nor does he argue that the district court made an error of law or fact in its decision to revoke his probation. Born merely argues that the district court's decision was unreasonable because he had acknowledged and admitted past failures and relapses and suffers from severe addiction and mental health issues, but he wants to support his children and he is willing to engage with whatever treatment is ordered. Born assured the court that he intended to be successful on probation in the future—but Born's past behavior did not support those assurances.

4

CONCLUSION

This court finds no error of law or fact in the district court's decision. Moreover, given that Born was granted probation as a dispositional departure and repeatedly failed to complete required treatment programs, this court cannot say that no reasonable person could agree with the district court's decision to revoke Born's probation. Born repeatedly violated the terms of his probation and failed to demonstrate that he could be successful if the court continued his probation. Therefore, the district court did not abuse its discretion in revoking Born's probation.

Affirmed.